UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TYRONE DONOVAN JACOBS,

    Plaintiff,

v.

WARDEN BERGAMI,

    Defendant.

Civil Action
No. 22-1225 (CPO) (MJS)

**OPINION & ORDER**

**O'HEARN, District Judge.**

    This matter comes before the Court by way of Plaintiff's Complaint raising claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court has screened[1] the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveat, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

    In this case, as a request for relief, Plaintiff seeks his "immediate release from federal custody." (ECF No. 1, at 6–7.) Plaintiff cannot, however, pursue his immediate release in this case, as "[s]uch remedies are not available" in a civil complaint. *E.g.*, *Riley v. Tarantino*, No. 20-18864, 2022 WL 44626, at *4 (D.N.J. Jan. 5, 2022); *Roman v. Tyner*, No. 20-20344, 2021 WL 1589341, at *2 (D.N.J. Apr. 23, 2021); *Slaughter v. Christie*, No. 15-8327, 2016 WL 6804877, at *2 (D.N.J. Nov. 16, 2016). When a person "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Consequently, as Plaintiff can only pursue his release through a federal habeas petition, the Court will dismiss his request for release for lack of jurisdiction.  This dismissal is without prejudice to the filing of a federal habeas petition.

The remainder of the Complaint, *i.e.*, Plaintiff's Eighth Amendment claims against Defendant Bergami, may proceed.[2]  Accordingly,

IT IS, on this 23rd day of September 2022,

**ORDERED** that Plaintiff's request for release is DISMISSED for lack of jurisdiction, this dismissal is without prejudice to the filing of a federal habeas petition; and it is further

**ORDERED** that the remainder of the Complaint may PROCEED; and it is further

**ORDERED** that the Clerk of the Court shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal 285 Forms; and it is further

**ORDERED** that Plaintiff shall complete the form for the Defendant and return it to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101; and it is further

**ORDERED** that after Plaintiff sends the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint (ECF No. 1), summons, and this Opinion and Order upon the Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

---

[2] The Court is not expressly or implicitly limiting Defendant's right to assert any potential defenses as he sees fit.  Nor is the Court ruling that Plaintiff has established a violation.  Instead, the Court is permitting these claims to go forward beyond screening.

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn
United States District Judge**